Gilberto Gierbolini, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Por entender que el Ministerio Fiscal presentó prueba satisfactoria, suficiente y contundente para establecer todos los elementos del delito imputado y su conexión con el apelante Enrique Colón Martínez, CONFIRMAMOS la Sentencia apelada.
I
De la exposición narrativa, con las objeciones del Ministerio Fiscal aprobadas por el Tribunal de Primera Instancia, surgen los siguientes hechos. El 26 de junio de 1996, desde las 6:00 A.M. las mujeres policías Felicita Coreano y Marta Bosquet, patrullaban los alrededores de la Universidad Interamericana, a pie y vestidas en ropa civil. Ese día había clases en el recinto.
Las oficiales notaron un vehículo estacionado en la Calle San Roberto con una persona adentro. Durante la segunda ronda por el área, a eso de las 6:50 AM las agentes decidieron acercarse al vehículo que llevaba entre 35 y 40 minutos allí detenido.
La oficial Coreano declaró en juicio que al llegar al vehículo vio que Colón tenía el miembro viril en su mano derecha y se masturbaba. Tan pronto las agentes del orden público se identificaron como tales, Colón cerró su pantalón y trató de huir, pero fue arrestado. En el cuartel de Caimito, un policía lo registró y encontró que Colón no llevaba ropa interior.
*1217 Tras la celebración de juicio plenario, el tribunal de instancia encontró a Colón culpable de haber incurrido en exposiciones deshonestas, Artículo 106 del Código Penal, 33 L.P.R.A. Sección 4068, e impuso una multa de $150.00.
En apelación, Colón reitera el argumento que sin éxito levantara en instancia sobre la alegada vaguedad del estatuto que tipifica el delito y, además, que el delito no había sido probado más allá de duda razonable. Sin embargo, el apelante no discute este último punto en su alegato.
El Panel por mayoría decidió CONFIRMAR la convicción. La disidencia tiene como base que el Estado no presentó prueba suficiente que establezca el modo en que Colón expuso sus partes íntimas en presencia de persona alguna que pudiera sentirse ofendida.
II
Es cierto que el precepto constitucional que garantiza al acusado la presunción de inocencia exige que toda convicción esté siempre sostenida por prueba que establezca más allá de duda razonable todos los elementos del delito y la conexión del acusado con los mismos.
Ello, sin embargo, no implica que la culpabilidad del acusado tenga que ser establecida con certeza matemática, Pueblo v. Bigio Pastrana, 116 D.P.R. 748, 761 (1985). La evidencia que da lugar a una convicción debe proveer aquella certeza moral que convence y satisface la razón, Id. La duda razonable es una fundada, producto del raciocinio de todos los elementos de juicio envueltos en el caso. No debe ser una duda especulativa o imaginaria, Instrucciones al Jurado para el Tribunal Superior, según citadas en Pueblo v. Bigio Pastrana, supra. Véase, además, Pueblo v. De León Martínez, 93 J.T.S. 22, página 10,406.
El Estado tiene el deber de presentar prueba suficiente y satisfactoria, Pueblo v. Sánchez Molina, 93 J.T.S. 140, página 11245. La prueba es suficiente cuando versa en torno a todos los elementos del delito y su conexión con el acusado y satisfactoria "cuando produce certeza o convicción moral en un ánimo no prevenido," Pueblo v. Sánchez Molina, supra, nota 6 a la página 11250.
De otra parte, los elementos del delito de exposiciones deshonestas son: (1) que una persona voluntariamente exponga sus partes pudendas o cualquier otra parte íntima de su cuerpo, (2) que la exposición ocurra donde estuviere presente otra persona (incluyendo agentes de orden público) a quien tal exposición pudiera ofender o molestar. 
No albergamos duda razonable que requiera revocar la decisión del juzgador de hechos. Por su parte, la opinión disidente expresa las siguientes razones para revocar la Sentencia apelada:
El que una exposición de una pudenda haya pasado desapercibida ante dos agentes de la policía cuya mirada investigativa estuvo dirigida por más de media hora hacia donde se encontraba el sujeto activo del delito levanta una duda más que razonable en cuanto si en realidad se produjo dicha exposición. El foro de instancia dedujo la exposición de lo observado por las agentes luego de intervenir con Colón quien se encontraba en el interior de su carro.
En ello erró, pues la determinación que correspondía hacer era si la prueba demostró, más allá de duda razonable que las agentes intervinieron con Colón porque vieron de antemano que estaba "exponiendo sus partes íntimas". (Subrayado en el original).
El voto disidente reitera que las agentes no estuvieron en presencia del acusado "en el momento en que tal presencia pudo haber sido relevante a los efectos de configurar el segundo elemento del delito de exposiciones deshonestas, sino sólo a los efectos de intervenir con él para arrestarlo.... Es decir, no hubo prueba más allá de duda razonable en cuanto a que Colón, antes de que las agentes intervinieran con él, expusiera sus partes íntimas ante persona alguna que pudiera sentirse ofendida por el acto," (Subrayado nuestro). En primer lugar, los hechos recogidos en la exposición narrativa con sus objeciones no ofrecen apoyo a la premisa expresada en el voto disidente respecto a que las agentes Coreano y Bosquet iban a arrestar a Colón tras haberlo observado fijamente por más de media hora. Más bien, de la exposición surge que esa mañana desde temprano las agentes notaron el vehículo de Colón, pero recorrieron toda el área cercana a la Universidad, por estar catalogada como *1218 una de alta incidencia criminal. No fue hasta luego de regresar de la primera ronda, que las agentes decidieron ir a investigar qué ocurría con el auto que habían visto estacionado con una persona abordo desde que comenzaron el turno a las 6:00 AM y que todavía permanecía detenido en la vía pública a eso de las 6:50 AM.
Aclarado este punto, tenemos que expresar nuestro desacuerdo en cuanto al énfasis y efecto que el voto disidente atribuye a la distinción de si las agentes observaron la exposición de las partes íntimas de Colón antes o después de intervenir con él. Lo pertinente es que ellas, a simple vista, al acercarse al auto presenciaron cómo Colón tenía su miembro viril descubierto y se masturbaba en la calle San Roberto. Ello fue suficiente para establecer el segundo elemento del delito: la presencia de una o más personas incluyendo agentes del orden público a quienes tal exposición pudiera ofender.
Como es sabido, el Artículo 106 del Código Penal, supra, expresamente incluye a los(las) agentes del orden público como personas susceptibles de ser "sujetos pasivos" ofendidos por la exposición de partes pudendas u otras partes íntimas. El propósito es procurar que en nuestro ordenamiento jurídico semejante ofensa a un miembro de la Policía no quede impune. Aun si antes de que las oficiales presenciaran lo ocurrido otras personas no lo hayan visto, la presencia de estas dos oficiales del orden público fue suficiente para configurar el delito. No podemos perder de perspectiva que, "...la clave estriba en reconocer que la Policía se compone de individuos. No sólo se socavaría la dignidad y autoridad de dicho cargo al negarle protección contra el insulto gratuito y obsceno, sino que se devaluarían los principios constitucionales que promulgan la dignidad del ser humano y la igual protección de las leyes. La Policía es acreedora a la misma protección que otras personas. Al asumir tan importante función, no renuncian a ese intangible —pero real— elemento de honra que todos albergamos en nuestro espíritu. ¿Cómo exigirles respeto, si están sujetos al insulto y oprobio sin ninguna sanción?", Pueblo v. Caro González, 110 D.P.R. 518, 528 (1980).
El hecho de que las mujeres policías, u otras personas, no hubieran visto la exposición antes de la intervención investigativa no es óbice para la imposición de responsabilidad penal por el delito que después quedó patentemente configurado, cuando ellas lo presenciaron. Los fundamentos expuestos en la disidencia no crean en nuestra conciencia una duda razonable que nos mueva a revocar la determinación del juzgador de instancia.
Otra no puede ser nuestra posición al tomar en cuenta no sólo lo anteriormente discutido, sino el hecho de que Colón aceptó en contrainterrogatorio que en efecto había descubierto sus partes íntimas en plena calle. 
Aún si creyéramos la teoría de la defensa de que la exposición respondió a que Colón no pudo contener su necesidad de orinar y tuvo que hacerlo en la calle, al descubrir sus genitales en una vía pública, el apelante quebrantó el pudor público que la Asamblea Legislativa pretendió tutelar mediante el Artículo 106, supra. "Lo que protege el legislador en este artículo es el pudor individual del público, quien puede sentirse legítimamente ofendido ante hechos que en sí no son deshonestos o ilícitos, como podrían ser los actos sexuales entre dos cónyuges cuando son llevados a cabo en la intimidad; pero cuando éstos se hacen en un sitio público o en presencia de una persona que pudiera ofenderse, se comete el delito," (Cita omitida), Nevárez Muñiz, Dora, Código Penal de Puerto Rico, Instituto para el Desarrollo del Derecho, Inc. (1995), página 172.
El hecho de que Colón estuviera dentro de su vehículo u orinando hacia la calle detrás de la puerta del auto no abona a su causa ya que, inclusive desde un lugar privado pudiera ocurrir la exposición deshonesta "si la misma puede ser observada desde un sitio público o desde otro sitio privado por personas que pudieran ofenderse o molestarse por tal conducta," Nevárez, supra. Ello es así, aparte del hecho de que la expectativa de intimidad dentro de un automóvil es limitada, según lo ha resuelto reiteradamente la jurisprudencia," Pueblo v. Acevedo Escobar, 112 D.P.R. 770, 776 (1982); Pueblo v. Malavé González, 120 D.P.R. 470, 476 (1988); Pueblo v. Colón Rafucci, 96 J.T.S. 10, nota 6, página 622; Pueblo v. Yip Berrios, 91 J.T.S. 14, página 568.
Con el testimonio de la agente Coreano, el Ministerio Fiscal demostró todos los elementos del delito y su conexión con el acusado. El mismo fue categórico y creído por el juzgador de hechos. En nuestra opinión, la prueba de cargo produce la certeza moral necesaria para llegar a una determinación *1219 de culpabilidad.
Tampoco vislumbramos duda en cuanto la presencia del. componente volitivo del delito. La exposición ocurrió voluntariamente, no por accidente o porque alguien lo forzara. El Código Penal establece que la intención de una persona queda manifiesta por las circunstancias relacionadas con el delito, su capacidad mental, manifestaciones y conducta, Artículo 14 del Código Penal, 33 L.P.R.A. Sección 3061. A excepción de las manifestaciones, en el caso de autos todos los anteriores elementos apuntan hacia un resultado que, si no fue el querido por Colón, al menos fue previsto o pudo ser previsto por el apelante como consecuencia natural o probable de su acción. Véase, Artículo 15 (a) y (b) del Código Penal, 33 L.P.R.A. Sección 3062.. Sólo, hay. que recordar dónde y cuándo ocurrieron los hechos (frente a una universidad, en un día de clases, a la hora en que los y las estudiantes transitan ese lugar a pie y en auto para llegar al recinto); que Colón no llevaba ropa interior, según surgió del registro incidental al arresto; y que Colón trató de huir cuando las agentes vestidas en ropa civil se identificaron como policías.
III
Por los fundamentos anteriormente expresados, CONFIRMAMOS la Sentencia apelada.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General. La Juez Rodríguez de Oronoz disiente con opinión escrita.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 115
1. El Artículo 106 del Código Penal, supra, dispone:

"Toda persona que voluntariamente expusiere sus partes pudendas o cualquier otra parte íntima de su cuerpo en cualquier sitio en que se hallare presente otra persona incluyendo agentes del orden público, a quien tal exposición pudiera ofender o molestar, será sancionada con pena de reclusión que no excederá de tres meses o multa que no excederá de doscientos cincuenta dólares.

La pena dispuesta en el presente artículo será de reclusión por un término máximo de seis meses o multa máxima de quinientos dólares si el acto tuviere lugar en presencia de una persona menor de dieciséis años,"

2. Cabe señalar, además, que Colón no expresó para el récord contestación alguna cuando el fiscal le preguntó "Dígale la verdad al Tribunal, ¿se estaba masturbando usted allí ese día, sí o no? Conteste." Véase las objeciones y enmiendas a la exposición narrativa de la prueba, aprobadas por el tribunal de instancia, Autos Originales, página 28.
3. En opinión de la doctora Nevárez, supra, página 171, en el delito de exposiciones deshonestas basta con que se configure una intención general, por cuanto el tipo sólo utiliza el término voluntariamente.